**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JANE DOE (K.R.D.),<br><br>    Plaintiff<br><br>v.<br><br>INTERCONTINENTAL HOTELS GROUP<br>PLC, et al.,<br><br>    Defendants. | CIVIL ACTION NO: 1:26-CV-04611<br>HONORABLE THOMAS M. DURKIN |

**DEFENDANTS IHG MANAGEMENT (MARYLAND) LLC'S**
**AND SIX CONTINENTS HOTELS, INC.'S**
**REPLY IN SUPPORT OF THEIR MOTION TO DISMISS**

## **INTRODUCTION**

While Plaintiff's response in opposition to the motion to dismiss ("Motion") filed by Defendants IHG Management (Maryland) LLC and Six Continents Hotels, Inc. (collectively, the "IHG Defendants") contains a number of flawed arguments, what Plaintiff does not argue or dispute about the facts or lack thereof in the Complaint makes clear that she fails to state a direct participant liability claim.[1] In particular, Plaintiff does not dispute that she has merely alleged that the IHG Defendants served in remote franchisor roles in connection with the InterContinental-branded hotel where she alleges she was trafficked on three occasions a decade ago (the "Hotel").[2] She also essentially concedes that she does not allege that the IHG Defendants or any of their employees witnessed or received notice of anything that should have alerted them that Plaintiff was being sex trafficked. Finally, Plaintiff essentially concedes that she does not allege that the IHG Defendants or any of their employees had any association, interaction, or communication with Plaintiff's unidentified trafficker, or provided him with any specialized support or services.

These omissions confirm that Plaintiff fails to plausibly allege that the IHG Defendants knew or should have known of her alleged trafficking *at the Hotel she does not allege they own or operate* or participated in her trafficker's sex trafficking venture *at that Hotel*. Plaintiff's direct participant liability claim against the IHG Defendants should therefore be dismissed, and the IHG Defendants' Motion should be granted in its entirety.[3]

---

[1] "Participant liability" is referred to as "beneficiary liability" by some courts.

[2] Contrary to the allegations in the Complaint, neither of the IHG Defendants served in a franchisor role with respect to the Hotel. In addition, contrary to the allegations in the Complaint, Defendant New DTRS Michigan Avenue, LLC ("DTRS") does not operate or manage the hotel and is not a franchisee of any IHG entity. Instead, the hotel is managed by Defendant IHG Management (Maryland) LLC pursuant to a Hotel Management Agreement with DTRS. However, for purposes of the IHG Defendants' motion to dismiss and reply only, the Court assumes the truth of the non-conclusory allegations in the Complaint.

[3] The IHG Defendants' Motion also moves for dismissal of (i) Plaintiff's claim that the IHG Defendants are vicariously liable for her participant and perpetrator liability claims against DTRS, which Plaintiff alleges was the IHG Defendants' franchisee that owned and operated the Hotel; and (ii) Plaintiff's direct

## ARGUMENT

Plaintiff fails to plausibly allege that the IHG Defendants *directly* observed or were notified of Plaintiff's alleged trafficking at the Hotel and *directly* participated in a venture with Plaintiff's alleged trafficker. Plaintiff's direct participant liability claim should therefore be dismissed.

**I.** **Plaintiff Fails to Plausibly Allege That the IHG Defendants Knew or Should Have Known That Her Trafficker's Venture Engaged in an Act of Sex Trafficking.**

Each of Plaintiff's arguments regarding the IHG Defendants' actual or constructive knowledge of Plaintiff's alleged trafficking at the Hotel fail.

First, Plaintiff's argument that she can rely on hotel staff's knowledge fails because, for *direct* liability, knowledge must be based on the IHG Defendants' "*own* states of mind." *H.G. v. Inter-Cont'l Hotels Corp.*, 489 F. Supp. 3d 697, 705 (E.D. Mich. 2020). Plaintiff alleges no facts regarding the *IHG Defendants'* alleged knowledge of her trafficking.

Second, Plaintiff argues that she does not need to allege that the IHG Defendants knew of Plaintiff's particular trafficking by her trafficker's venture. But Plaintiff does not dispute that she has not alleged any victim of her trafficker's venture other than Plaintiff, or any trafficking acts by that venture other than Plaintiff's trafficking. Plaintiff must therefore plausibly allege that the IHG Defendants knew or should have known of her specific trafficking. *Doe (C.T.K.) v. Choice Hotels Int'l, Inc.*, No. 25-C-1274, 2026 WL 84449, at *7 (E.D. Wis. Jan. 12, 2026). She fails to do so.

Finally, Plaintiff argues that, because she alleges that DTRS was required to, and at times did, report suspected criminal activity to the IHG Defendants, the IHG Defendants may have

---

and vicarious liability claims based on alleged trafficking acts occurring before April 23, 2016, as barred by § 1595(c)'s statute of limitations. In so moving, the IHG Defendants join in and incorporate the arguments in DTRS's reply brief in support of its motion to dismiss, filed contemporaneously herewith, ECF No. 28, arguing that Plaintiff fails to state a perpetrator or participant liability claim against DTRS (and thus her derivative vicarious liability claims against the IHG Defendants fail) and that claims based on alleged trafficking acts occurring before April 23, 2016, should be dismissed with prejudice because they are untimely, and the discovery rule, equitable tolling, and continuing violation doctrine do not apply.

received notice of suspicious activity related to Plaintiff's trafficking. These speculative allegations *at most* allege a "sheer possibility" that the IHG Defendants should have known that Plaintiff was being trafficked at the Hotel they did not own or operate and are therefore insufficient to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### A. Plaintiff Cannot Attribute the Alleged Knowledge of Hotel Staff to the IHG Defendants on Her *Direct* Liability Claim.

Plaintiff essentially concedes that she alleges that the people working at the Hotel were employees of DTRS, not the IHG Defendants. *See* Resp., ECF No. 27 at 8. She nonetheless argues that the hotel staff's knowledge can be imputed to the IHG Defendants on her direct liability claim because she "alleges an agency relationship between the IHG Defendants and DTRS." *Id.* This conflates direct and vicarious liability. A company's *direct* liability for violating a statute must be based on that company's own knowledge and conduct; it cannot be derivative of a third party. *See, e.g.*, *Smith v. State Farm Mut. Auto. Ins. Co.*, 30 F. Supp. 3d 765, 771 (N.D. Ill. 2014) ("Even if [Defendants' agent] placed those calls on Defendants' behalf, Plaintiffs cannot hold Defendants directly liable under the TCPA."). Where liability is based on a third-party's knowledge and conduct imputed under an agency theory, the liability is derivative or indirect. *See id.* at 774.

Thus, Plaintiff's *direct* liability claim cannot be derivative of hotel staff's alleged knowledge; it must be supported by factual allegations regarding the IHG Defendants' "*own* states of mind." *H.G.*, 489 F. Supp. 3d at 705. Plaintiff therefore "cannot attribute knowledge . . . from [hotel staff] to [the IHG] Defendants" on her direct liability claim. *S.C. v. Wyndham Hotels & Resorts, Inc.*, No. 1:23-CV-00871, 2024 WL 2186173, at *7 (N.D. Ohio May 15, 2024).[4] Because

---

[4] *See also, e.g.*, *B.M. v. Wyndham Hotels & Resorts, Inc.*, No. 20-CV-00656-BLF, 2020 WL 4368214, at *6 (N.D. Cal. July 30, 2020) (plaintiff could not rest her direct liability claim against franchisors on what staff at the franchised hotels allegedly knew even though plaintiff sufficiently alleged that the franchisees were the franchisors' agents in support of her indirect liability claim); *A.B. v. Hilton Worldwide Holdings Inc.*, 484 F. Supp. 3d 921, 938–39 (D. Or. 2020) (same); *Lundstrom v. Choice Hotels Int'l, Inc.*, No. 21-

3

Plaintiff's direct participant liability claim against the IHG Defendants improperly rests on the hotel staff's alleged knowledge, that claim should be dismissed.

> **B.** **Because Plaintiff Does Not Allege That Her Trafficker's Venture Engaged in Any Trafficking Other Than Her Own, She Must Allege the IHG Defendants Knew or Should Have Known of Her Particular Trafficking.**

Plaintiff argues that she does not need to allege that the IHG Defendants knew or should have known of her particular trafficking. Resp., ECF No. 27 at 10. Not so. Because Plaintiff does not allege that her trafficker's venture engaged in any acts of trafficking other than the trafficking of Plaintiff K.R.D., she must plausibly allege that the IHG Defendants knew or should have known that her trafficker engaged in her specific trafficking. *See C.T.K.*, 2026 WL 84449, at *7.

Section 1595 requires the defendant to have actual or constructive knowledge that the specific *venture* that trafficked the plaintiff, and in which the defendant allegedly participated, has engaged in an act of trafficking. *See* 18 U.S.C. § 1595(a) (requiring "participation in a venture which that person *knew or should have known has engaged in an act [of trafficking]*" (emphasis added)); *see also G.G. v. Salesforce.com, Inc.*, 76 F.4th 544, 557 (7th Cir. 2023) (agreeing "the civil defendant need[s] to have constructive knowledge of a non-generalized and non-sporadic—a 'particular'—venture"); *H.G.*, 489 F. Supp. 3d at 704 ("[A] plaintiff must plead facts showing that the defendant knew or should have known of sex trafficking *by the particular venture in which the defendant allegedly participated.*"). Here, the Complaint alleges that Plaintiff K.R.D.'s trafficker was the sole member of his trafficking venture, and the sex trafficking of Plaintiff K.R.D.

---

CV-00619-PAB-SKC, 2021 WL 5579117, at *8 (D. Colo. Nov. 30, 2021) (same); *Doe v. Wyndham Hotels & Resorts*, No. 823CV01554JVSJDEX, 2023 WL 8888836, at *5 (C.D. Cal. Nov. 13, 2023) (same); *A.B. v. Wyndham Hotels & Resorts, Inc.*, 532 F. Supp. 3d 1018, 1026 (D. Or. 2021) (same); *B.C. v. G6 Hosp. Prop. LLC*, No. 3:25-CV-05057-DGE, 2025 WL 1837620, at *4 (W.D. Wash. July 3, 2025) ("Courts agree that it is generally more difficult for a plaintiff to bring a direct beneficiary claim against a . . . franchisor of a hotel—as opposed to the local hotel—because [franchisors] are typically one or multiple steps removed from the local hotel and its staff. Therefore, courts require plaintiffs to connect the dots between the alleged trafficking and the franchisor when pursuing a direct beneficiary claim." (citation modified)).

was his sole acts of trafficking. Thus, as the Seventh Circuit has recognized, under these allegations, pleading that the IHG Defendants knew the venture perpetrated by Plaintiff's trafficker engaged in an act of trafficking necessarily requires Plaintiff to allege that the IHG Defendants knew or should have known that Plaintiff's trafficker had engaged in sex trafficking *Plaintiff K.R.D. See G.G.*, 76 F.4th at 557 (stating that, in cases "involv[ing] the trafficking of only one victim . . . knowledge of the specific victim goes hand-in-glove with knowledge of the 'venture'").[5]

At bottom, Plaintiff argues that she does not need to plead that the IHG Defendants knew or should have known of any trafficking by her trafficker's specific venture. Resp., ECF No. 27 at 10. But "all courts agree that a defendant under Section 1595 must have had at least constructive knowledge that the 'venture' in question has engaged in an act in violation of Section 1591 in order for participant liability to attach." *See G.G.*, 76 F.4th at 555 n.9. Plaintiff argues that *G.G. v. Salesforce.com, Inc.* supports her argument, but the opposite is true. Indeed, the Eastern District of Wisconsin recently rejected the same argument in finding that "*G.G.* does not support Plaintiff's argument that actual or constructive knowledge of her [particular] trafficking is not required":

> The facts alleged in *G.G.* . . . are far different from those alleged in the FAC. In *G.G.*, a juvenile victim alleged that the defendant software company had entered into a series of contracts with Backpage.com, an online marketplace that "had been publicly identified by law enforcement, United States Attorneys General, and every state Governor as the biggest and most notorious sex trafficking and pimping website in the United States," . . . The court explicitly distinguished the case before it . . . from cases in which sporadic sex trafficking occurred in low-budget hotels. In cases involving one victim, the court held, "knowledge of the specific victim goes hand-in-glove with knowledge of the 'venture.'" *Id.* at 557.

*C.T.K.*, 2026 WL 84449, at *7. Here, because Plaintiff "has not plausibly alleged a venture that went beyond her own circumstances[,] . . . she must plead facts showing [the IHG Defendants had]

---

[5] If Plaintiff had alleged that her trafficker had trafficked another victim or that her trafficker had co-venturers, then she could satisfy the knowledge requirement by alleging that the IHG Defendants knew of a different victim's trafficking by a different person within the venture. *But that is not what Plaintiff alleges.*

actual or constructive knowledge that *she* was trafficked." *Doe (T.L.M.) v. Six Continents Hotels, Inc.*, 829 F. Supp. 3d 95, 101 (S.D. Miss. 2026) (emphasis added). Plaintiff fails to do so. Her direct participant liability claim against the IHG Defendants should therefore be dismissed.

### C. Plaintiff's Speculative Allegations Do Not Plausibly Allege That the IHG Defendants Received Notice of Plaintiff's Alleged Trafficking at the Hotel.

Plaintiff alleges that DTRS *may have* submitted reports to the IHG Defendants regarding suspicious activity related to Plaintiff's alleged trafficking. These speculative allegations fall far short of *plausibly* alleging that the IHG Defendants knew or should have known of her trafficking.

In order for Plaintiff to *plausibly* allege that the IHG Defendants had even *constructive* knowledge of her trafficking because signs of suspected trafficking at the Hotel were allegedly reported by DTRS,[6] Plaintiff must plausibly allege that (i) DTRS actually submitted reports to the IHG Defendants related to *Plaintiff's specific trafficking*, as opposed to other alleged trafficking at the Hotel unrelated to Plaintiff;[7] and (ii) the reports provided enough information that that the IHG Defendants should have known that someone (Plaintiff) was being *sex trafficked* at the Hotel, as opposed to other criminal activity, such as prostitution. *See C.T.K.*, 2026 WL 84449, at *5. ("[T]he 'red flags' Plaintiff identifies as specific to her say nothing about whether her trafficker used force, threats of force, fraud, or coercion to induce her to engage in commercial sex acts, an essential element of a charge of sex trafficking against an adult victim."). Plaintiff fails to do so.

While Plaintiff alleges that hotel staff at some unspecified time submitted reports to the IHG Defendants regarding suspected trafficking activity at the Hotel, she does not allege that they

---

[6] Because "'red flags' are warning signs, not actual knowledge," even if Plaintiff had plausibly alleged that the IHG Defendants knew of the red flags of her trafficking at the Hotel, *which she has not*, that would *at most* suggest that they had constructive notice of her trafficking. *See C.T.K.*, 2026 WL 84449, at *5.

[7] As shown above, because Plaintiff's own trafficking is the only trafficking in which Plaintiff alleges her trafficker engaged, the reports must relate to *Plaintiff's specific trafficking*. *See T.L.M.*, 829 F. Supp. 3d at 104 (finding reporting allegations insufficient to allege franchisors' knowledge because "there [we]re no factual allegations that IHG received any reports specific to this alleged venture").

6

submitted any reports to the IHG Defendants *related to Plaintiff's specific trafficking*, as opposed to other unrelated trafficking she vaguely alleges occurred at the Hotel. *See* Compl. ¶ 67. Plaintiff does not dispute this. *See* Resp., ECF No. 27 at 11. Instead, she points to allegations that *at most* suggest a *sheer possibility* that the IHG Defendants received reports of red flag activities related to *Plaintiff's trafficking*, particularly considering that other allegations in the Complaint indicate that hotel staff did not in fact report information related to *Plaintiff's trafficking. See id.*

Specifically, Plaintiff argues that "[t]he Complaint alleges that [the IHG Defendants] required suspected criminal activity at the Subject Hotel, including sex trafficking, to be reported to them, and that, on information and belief, such reports were made." *Id.* Plaintiff argues it is possible that some such reports included "signs of K.R.D.'s trafficking" because they "were sufficiently obvious to trigger that reporting obligation." *Id.* Setting aside that the Complaint does not actually allege what circumstances triggered DTRS's reporting obligation or that the alleged signs of Plaintiff's trafficking would do so, Plaintiff's speculative allegations are insufficient.

First, Plaintiff's allegations do not allege that any reports regarding *Plaintiff's specific trafficking* were *actually submitted* to the IHG Defendants. Second, Plaintiff's own allegations indicate that DTRS did not in fact report any information regarding *Plaintiff's trafficking* to the IHG Defendants. Indeed, Plaintiff argues that, because the IHG Defendants failed to require hotel staff to be sufficiently trained on detecting and reporting signs of sex trafficking, Plaintiff's alleged trafficking at the Hotel was **not** "detected and deterred." Resp., ECF No. 27 at 12.[8] Thus, Plaintiff

---

[8] Plaintiff also argues that these allegations allege the IHG Defendants' "constructive knowledge based on their failure to exercise ordinary diligence in the face of the known problem of sex trafficking in their hotel operations." *Id*. Plaintiff essentially argues that because of industry-wide knowledge, they had an affirmative duty to implement sufficient measures at their branded hotels to police and prevent unknown criminals from misusing hotel rooms for trafficking purposes and speculates that, if they had done so, her trafficking "would have been detected and deterred." *See id.* But as the IHG Defendants argued in their Motion, § 1595 does not contain any such affirmative duty; consequently, the majority of courts addressing the issue refuse to impose such a duty. *See* 18 U.S.C. § 1595(a); *see also* Mot., ECF No. 16 at 17.

essentially concedes that, while she alleges that some unrelated trafficking activity was reported to the IHG Defendants, signs of *Plaintiff's particular trafficking* were **not** detected and reported.

Under these allegations, there is at most a *sheer possibility* that hotel staff detected and reported alleged signs of *Plaintiff's trafficking* to the IHG Defendants, and it is far more likely that no such reports were submitted. Moreover, even if some such information was submitted to the IHG Defendants, which is *highly implausible*, the Complaint does not allege which alleged red flags were reported, so there is no way to infer whether the IHG Defendants should have known based on such information that someone was being sex trafficked as opposed to other criminal activity. This fails to plausibly allege that "[DTRS] or anyone else ever *actually* alerted [the IHG Defendants] to anything from which [they] could have known about [Plaintiff's alleged] victimization." *Doe v. G6 Hosp. LLC*, No. 1:23-CV-2598, 2024 WL 4457563, at *6 (N.D. Ga. Sept. 23, 2024), *on recons.,* No. 1:23-CV-2598, 2025 WL 4057141 (N.D. Ga. Aug. 5, 2025). Thus, Plaintiff *at most* alleges it was conceivable that the IHG Defendants should have known of her trafficking at the Hotel. This is not sufficient to state a claim. *See Iqbal*, 556 U.S. at 683.

## II. Plaintiff Also Fails to Plausibly Allege That the IHG Defendants Participated in "a Venture Which . . . Has Engaged in an Act in Violation of Section 1591."

Plaintiff's "Venture 1" theory, which alleges that the IHG Defendants participated in her trafficker's sex trafficking venture because the trafficker rented rooms at their franchised hotel, fails because merely alleging a company had an indirect, passive commercial relationship with a trafficker is insufficient to allege *participation* in the trafficker's venture. Plaintiff's "Venture 2" theory also fails because Defendants' alleged hotel-operating business is not "a venture which . . . has engaged in an act [of trafficking.]" 18 U.S.C. § 1595(a).

### A. Plaintiff's "Venture 1" Theory Fails Because Plaintiff Does Not Plausibly Allege That the IHG Defendants Participated in Her Trafficker's Venture.

8

#542913512_v1

Plaintiff fails to allege facts that the IHG Defendants provided her trafficker with "culpable assistance" conveying "a desire to promote [his] wrongful venture's success," as required to allege *participation* in a venture. *G.G.*, 76 F.4th at 559 (quoting *Doe v. GTE Corp.*, 347 F.3d 655, 659 (7th Cir. 2003)). Indeed, Plaintiff does not dispute that she does not allege that the IHG Defendants or their employees (i) were associated with or connected to her alleged trafficker; (ii) knew or were familiar with him; (iii) had any interactions or communications with him; (iv) had a close, long-term business relationship with him; (v) provided him with any specialized services; (vi) actively engaged in his venture; or (vii) had any interest in the success of his venture. Resp., ECF No. 27 at 14–16. This is fatal to her claim that the IHG Defendants *participated* in her trafficker's venture. *See Emily T. v. SBY Downers Grove*, No. 25-CV-3303, 2026 WL 1265381, at \*15 (N.D. Ill. May 8, 2026) (because the trafficker only directly interacted with hotel staff, the plaintiff failed to allege he "had a relationship with the Franchisors, much less a 'continuous business relationship'").[9]

Plaintiff nonetheless argues that a company can participate in a trafficker's venture by remotely and passively providing standard commercial services to the trafficker. *See* Resp., ECF No. 27 at 15–16. But "Section 1595(a)'s standard . . . require[s] more than . . . mere passive nonfeasance or an arm's length, passive, and largely indifferent relationship with the criminal." *G.G.*, 76 F.4th at 563 (citation modified). Indeed, the Seventh Circuit stated that an alleged indirect commercial relationship between a hotel franchisor and an alleged trafficker would not plausibly allege that the franchisor *participated* in the trafficker's venture. *See id.* at 562. In such case, the franchisor is "one step removed from the sex traffickers (i.e., street-level trafficker – > hotel – >

---

[9] Plaintiff's Response also refers to her conclusory allegations that other unidentified traffickers engaged in trafficking other unidentified victims at the Hotel. *See* Resp., ECF No. 27 at 14–15. Those conclusory allegations are irrelevant because Plaintiff does not allege that any other unidentified traffickers or victims were involved in her trafficker's specific venture. Regardless, those allegations merely allege *indirect*, *passive* conduct by the IHG Defendants in *remotely* controlling the room reservation software at the Hotel.

9

hotel franchisor)." *Id*. Thus, Plaintiff fails to plausibly allege that the IHG Defendants *participated* in her trafficker's sex trafficking venture. Her direct participant liability claim should be dismissed.

      **B.**    **Plaintiff's "Venture 2" Theory Fails Because "Venture 2" Is Not "a Venture Which . . . Has Engaged in an Act in Violation of Section 1591."**

Plaintiff argues that the IHG Defendants' alleged "hotel-operating venture" with DTRS satisfies § 1595's "participation in a venture" requirement even if no participant in that venture engaged in an act of sex trafficking. *See* Resp., ECF No. 27 at 17. According to Plaintiff, "Section 1595(a) . . . requires only a link between the venture and an act of trafficking." *Id*. at 18. This is flatly incorrect. Section 1595 unambiguously requires "participation in a venture which . . . ***has engaged in an act [of trafficking]***," not merely participation in a venture that is *linked* to an act of trafficking. 18 U.S.C. § 1595(a) (emphasis added); *see also S.C. v. Wyndham Hotels & Resorts, Inc.*, No. 1:23-CV-00871, 2024 WL 2186173, at *4 (N.D. Ohio May 15, 2024) ("[T]he *venture* in which the defendant participated must have performed a sex trafficking act."). Thus, at least one participant in the venture must have engaged in an act of sex trafficking to satisfy § 1595. *Id.*[10]

Accordingly, because no Defendant engaged in a sex trafficking act, the alleged "hotel-operating venture" fails as matter of law, and Plaintiff's direct participant liability claim should be dismissed. *S.B.C. v. Six Continents Hotels, Inc.*, 800 F. Supp. 3d 1139, 1147 (W.D. Wash. 2025).

**CONCLUSION**

For all these reasons, the IHG Defendants' Motion should be granted in its entirety.

---

[10] Contrary to Plaintiff's arguments, *G.G.* refutes rather than supports Plaintiff's theory that "participation in a venture" can be satisfied even if no participant in the particular venture engaged in an act of sex trafficking. *G.G.* held that "[t]he first element is the existence of 'a venture which . . . has engaged in an act in violation' of Section 1591." *G.G.*, 76 F.4th at 553 (quoting 18 U.S.C. § 1595(a)). That element was satisfied because Salesforce's alleged co-venturer, Backpage, engaged in multiple acts of sex trafficking. *Id.* Thus, "Salesforce was not one step removed from G.G.'s traffickers. It was in a direct, prolonged, and supportive contractual relationship with one of those sex traffickers—Backpage." *Id.* at 561.

10

Respectfully submitted this 11th day of August, 2026.

**HOLLAND & KNIGHT LLP**

By:     */s/ Chelsea A. McCarthy*
Chelsea A. McCarthy
150 North Riverside Plaza, Suite 2700
Chicago, IL 60606
T: 312-263-3600
chelsea.mccarthy@hklaw.com

John M. Hamrick
Talis Trevino
One Regions Plaza, Suite 1800
1180 West Peachtree Street, N.W.
Atlanta, GA 30309
T: 404-817-8500
john.hamrick@hklaw.com
talis.trevino@hklaw.com

Kathryn Isted
315 South Calhoun Street, Suite 600
Tallahassee, FL 32301
T: 850-224-7000
kathryn.isted@hklaw.com

*Attorneys for Defendants New DTRS Michigan Avenue, LLC, Six Continents Hotels, Inc., and IHG Management (Maryland) LLC*

11